

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM HITE, et al.,  )
)
Plaintiffs,  )
)
v.  )
)
APEX OIL COMPANY, INC., et al.,  )
)
Defendants.  )
)

No. 09 C 3454

Judge John W. Darrah

## MEMORANDUM OPINION AND ORDER

This case involves claims sounding in negligence by William P. Hite and his spouse, Patricia A. Hite ("Plaintiffs"), against Apex Oil Company, Incorporated ("Defendant"). Plaintiffs allege an injury to Mr. Hite due to exposure to benzene while Mr. Hite was employed by Defendant as a pipefitter from 1972 to 1974.

The case comes before the Court on Defendant's motion to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) based on two Illinois statutes of repose.

## BACKGROUND

Plaintiffs allege that Mr. Hite was exposed to benzene while working as a pipefitter on Defendant's premises between 1972 and 1974. Additionally, Plaintiffs allege that during this employment, Defendant supplied benzene to Mr. Hite and exposed him to this chemical. Plaintiffs claim that this exposure to benzene, as well as his exposure to radiation, by defendants not a party to this motion, caused him to develop multiple myeloma (a cancer of the body's white blood cells) and other injuries. Mrs. Hite further claims loss of consortium. Mr. Hite was first diagnosed with multiple myeloma in April of 2008.

On April 15, 2009, Plaintiffs filed the Complaint against Defendant, and twenty other defendants, in the Circuit Court of Cook County. Plaintiffs created three classifications of defendants in its third-amended complaint: (1) Benzene Premises Defendants; (2) Supplier Defendants; and (3) Radiation Premises Defendants. Plaintiffs state that both the exposure to benzene and the radiation were each sufficient but not necessarily the exclusive cause of Plaintiffs' injuries, including the multiple myeloma. Defendant is named as both a Benzene Premises Defendant and a Supplier Defendant.

On June 8, 2009, defendants filed a Notice of Removal to Federal Court pursuant to 28 U.S.C. § 1441(c).

Defendant now moves this Court to dismiss Plaintiffs' third amended complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant states that Plaintiffs' claims against it are barred, as both a Premises Defendant and a Supplier Defendant, based on the applicable statutes of repose in Illinois.

## LEGAL STANDARD

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient facts, accepted as true for purposes of the motion, which state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). In order for a complaint to have facial plausibility, the complaint must allege enough facts for the claim to be more than just conceivable, and mere legal conclusions masked as facts are insufficient. *Id.* at 1949-50. Upon review of a motion to dismiss for failure to state a claim, the court should draw all reasonable inferences in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

A complaint may state a claim on which relief may be granted whether or not a defense is available; therefore it is "irregular" to dismiss a claim as untimely under Rule 12(b)(6) based on a limitations statute. *United States v. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). However, if it is clear on the face of the complaint that the action is untimely, a Rule 12(b)(6) motion to dismiss for failure to state a claim is appropriate. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). Dismissal should only be granted if the plaintiff pleads facts sufficient to establish the complaint's "tardiness." *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 675 (7th Cir. 2009); *see also, Hollander v. Brown*, 457 F.3d 688, 691 (7th Cir. 2006) (*Hollander*).

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), Illinois substantive law is applicable to resolve this motion to dismiss. Limitation statutes are considered substantive matters under the *Erie* doctrine. *See Hollander*, 457 F.3d at 692 (citing *Guaranty Trust v. York*, 326 U.S. 99, 110-11 (1945)). The parties to this motion do not dispute that Illinois law applies.

Typically in Illinois, the statute of limitations for personal injury claims requires a plaintiff to commence a cause of action against the defendant within two years of the event that gave rise to the injury. 735 ILCS 5/13-202. Illinois, however, recognizes a "discovery rule," which delays the start of the statute of limitations until the injured party "knows or reasonably should know that he has been injured and that his injury was wrongfully caused." *Golla v. Gen. Motors Corp.*, 657 N.E.2d 894, 898 (Ill. 1995).

The above statute of limitations paradigm applies in typical personal injury claims. However, in certain circumstances, a statute of repose may foreclose a plaintiff's ability to bring suit if the injury is discovered beyond a point of time established by the state legislature.

# ANALYSIS

The two statutes of repose in Illinois alleged by Defendant to apply to the case at hand

are: "Product Liability; Statute of Repose" (735 ILCS 5/13-213) and "Construction-Design

management and supervision" (735 ILCS 5/13-214).

The applicable provision of the "Product Liability; Statute of Repose" states:

> Subject to the provisions of subsections (c) and (d) no product liability action *based on the doctrine of strict liability* in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period.

735 ILCS 5/13-213(b) (emphasis added).[1]

Next, the "Construction-Design management and supervision" statute of repose states:

> No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission. However, any person who discovers such act or omission prior to expiration of 10 years from the time of such act or omission shall in no event have less than 4 years to bring an action as provided in subsection (a) of this Section. Notwithstanding any other provision of law, contract actions against a surety on a payment or performance bond shall be commenced, if at all, within the same time limitation applicable to the bond principal.

735 ILCS 5/13-214(b).

Applying these principles to the case at hand, Defendant's motion to dismiss pursuant to

both statutes of repose is denied.

---

[1] Although Defendant quotes the same statute, it replaces "based on the doctrine of strict liability" with "based on any theory or doctrine." However, as Plaintiffs correctly point out, the legislature's attempt to amend this statute, with the more expansive statute of repose, was declared unconstitutional by the Illinois Supreme Court. *See Best v. Taylor Mach. Works*, 689 N.E.2d 1057 (Ill. 1997) (*Best*).

4

*"Product Liability; Statute of Repose"* (735 ILCS 5/13-213)

The statute states that product liability actions "based on the doctrine of strict liability in tort" are subject to this statute of repose. 735 ILCS 5/13-213(b). This case is a persona- injury claim based in negligence, not strict liability; thus, Defendant's reliance on this statute of repose is misplaced.

As mentioned in the preceding footnote, the Illinois Supreme Court struck down the amendments to this statute, which would have included a negligence theory in the statute of repose, in its entirety. *Best*, 689 N.E.2d at 1089. While the Illinois Supreme Court did not rule on whether this specific provision was a violation of substantive constitutional law, nonetheless it struck down all of the amendments because the invalid sections could not be severed from the rest of the act. *Id.; see also, Perlstein v. Wolk*, 844 N.E.2d 923, 924 (Ill. 2006) (stating because the "core provisions" of the amendments to this statute were deemed unconstitutional, the remainder of the act is "void in its entirety" because the provisions were "inseparable").

The previous version of the act only applies to product-liability claims based on a strict liability theory. Plaintiffs' Complaint pleads a negligence theory; therefore, 735 ILCS 5/13/213(b) is not applicable. Defendant's motion to dismiss based on this statute is therefore denied.

*"Construction-Design Management and Supervision" Statute of Repose (735 ILCS 5/13-214)*

Next, Defendant looks to 735 ILCS 5/13-214(b) as a bar of Plaintiffs' claims. The statute of repose here deals with the issue of whether the defendant was involved in "the design, planning, supervision, observation or management of construction, or construction of an improvement to real property . . .." 735 ILCS 5/13-214(b). What constitutes an "improvement to real property" under the Illinois statute of repose is a question of law, but the resolution of this

matter is "grounded in fact." *Ambrosia Land Inv., LLC v. Peabody Coal Co.*, 521 F.3d 778, 781 (7th Cir. 2008).

Plaintiffs contend that Mr. Hite's employment as a pipefitter for Defendant was not "construction" or "construction of an improvement to real property" but merely repairs and replacement work. The Illinois Supreme Court has provided factors in order to determine what constitutes "an improvement to real property" as provided in the statute: "whether the addition was meant to be permanent or temporary, whether it became an integral component of the overall system, whether the value of the property was increased, and whether the use of the property was enhanced." *St. Louis v. Rockwell Graphic Sys., Inc.*, 605 N.E.2d 555, 556 (Ill. 1992); *see also, Wilson v. Otis Elevator Co.*, 454 F.Supp.2d 749 (N.D. Ill. 2006).

These factors are not and need not be addressed in the pleadings, and it is not clear on the face of Plaintiffs' Complaint that the claim is time-barred on this basis. The evidence may eventually show that the work done by Mr. Hite was "construction" or "construction of an improvement to real property" within the meaning of 735 ILCS 5/13-214(b); however, based on the above-stated legal standard, Defendant's motion to dismiss must be denied.

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for failure to state a claim is denied.

Dated: February 11, 2010

JOHN W. DARRAH
United States District Court Judge