IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM P. HITE and spouse<br>PATRICIA A. HITE )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>APEX OIL COMPANY, INC., et al., )<br>)<br>Defendants. ) | Case No. 09 CV 3454<br><br>Judge John W. Darrah<br><br>Magistrate Judge Morton Denlow |

## MEMORANDUM IN SUPPORT OF MOTION FOR REMAND

On June 8, 2009, Defendants Commonwealth Edison Company and Exelon Corporation field a Notice of Removal. This removal was based upon the Price-Anderson Act, 42 U.S.C. 2210(n)(2) claim alleging personal injuries caused by radiation exposures at a nuclear power plant. Now, after limited discovery on the Price-Anderson Act claim, plaintiffs agreed that there was no viable claim under the Act due to the fact that there was no evidence of excessive exposure or that the radiation caused or contributed to Mr. Hite's multiple myeloma. For this reason the court has dismissed plaintiffs' federal claim.

Now that there are no federal law issues remaining in the case, this court should abstain from deciding the remaining state-law claims and instead remand the case to the state court from which it was removed.

**ARGUMENT**

*Carnegie-Mellon University v. Cohill*, 484 W.S. 343, 108 S. Ct. 614, 98 L. Ed.2d 720 (1998), held that a federal district court has discretion under the doctrine of pendant jurisdiction to remand a properly removed case back to state court if all federal claims have been dismissed

or resolved and only pendent state-law claims remain. In making the discretionary decision whether to hold on to the case or remand it, the court should consider the interests of judicial economy, convenience, fairness and comity. The court does not have to dismiss the case without prejudice to effect the remand.

The Seventh Circuit has followed these same principles. The court in *Timm v. The Mead Corporation,* 32 F.3d 273 (7th Cir. 1994), recognized that under 42 U.S.C. 1367(c) a district court may decline to exercise supplemental jurisdiction over pendent state-law claims where it has dismissed the federal claims. The state-law claims should generally be remanded where they are not yet ripe for decision, the state law issues are complicated or unsettled, and where discovery has not yet been completed. 32 F.3d at 277

Recently, in *Williams Electronic Games, Inc. v. Garrity*, 2005 U.S. Dist. LEXIS 20417 (N.D. Ill. September 15, 2005), the court recognized "Caselaw in this circuit establishes a "presumption" against district courts retaining jurisdiction over supplemental state law claims after the federal claims (and concomitant federal interest) have disappeared from a case." This "presumption" was based on the interest of affording expeditious justice to litigants with a federal claim while also recognizing the "substantial comity interest in allowing state courts to apply and to interpret their own laws, at least in cases where there is no federal interest at stake." (at *6) In deciding not to retain jurisdiction over pendent state-law claims, the court considered the following factors:

    (1) There is no federal question or interest remaining in the case;

    (2) There are meaningful open and/or complex questions of state law which likely will need to be resolved in connection with the trial;

    (3) This Court has no comparative efficiency advantage (as compared to state trial court) in providing a trial

(4) No prejudice will accrue to the parties if the case proceeds in state courts; and

(5) Retaining jurisdiction to try this case outside the diversity or federal questions jurisdiction of the federal courts will inevitably delay the adjudication and/or trial of other cases squarely within jurisdiction of the federal courts.

In *520 S. Michigan Ave. Associates, LTD v. Shannon,* 2007 U.S. Dist. LEXIS 68532

(N.D. Ill. September 17, 2007 (at *34), the court noted

> Having dismissed the federal claims, the court may use its discretion to decline jurisdiction over the remaining state law claims under *28 U.S.C. β 1367(c)(3)*. In determining whether to exercise jurisdiction, "a district court should consider and weight the factors of judicial economy, convenience, fairness and comity." *Wright v. Assoc. Ins. Cos., Inc.* 29 F 3d 1244, 1251 (7th Cir. 1994) (citing *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)). **"Relinquishing jurisdiction over supplemental state law claims is the normal course of action when the federal claims are dismissed before trial."** *Ill. Med. Transp. Providers Assoc.,* 2003 U.S. Dist. LEXIS 1115, 2003 WL 193187, at *2 (citing *Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 727-28 (7th Cir. 1998)).

Because the court, in deciding the federal law claims, had not reached the state law claims, it decided that it was prudent to relinquish jurisdiction over the state-law claims. (at *35) See also *Liebert Corporation v. Mazur,* 2005 U.S. Dist. LEXIS 13560 (N.D.Ill. June 6, 2005), where the court likewise noted that abstention from ruling on pendant state-law claims is an appropriate basis for remand after federal claims have been resolved.

These same considerations apply here to indicate that plaintiffs' state-law claims should be remanded to the court from which the case was removed. First, there are no federal questions or interests remaining to be resolved. Second, there are meaningful and complex questions or state law which will have to be resolved after full discovery, motions and perhaps trial. Third, this court has no comparative efficiency advantage over litigating this case in state court. Fourth,

no prejudice will accrue to the parties if this case proceeds in state court. And fifth, retaining jurisdiction over this case will inevitably delay the adjudication of cases with actual federal questions before this court. Consequently, the presumption in favor of relinquishing jurisdiction should be applied and this court should remand this case to the state court from which it case.

## CONCLUSION

Now that there are no federal law issues remaining in the case, this court should abstain from deciding the remaining state-law claims and instead remand the case to the state court from which it was removed.

Respectfully submitted,

/s/ Andrew S. Lipton
_____
Attorneys for Plaintiffs

Andrew S. Lipton
LIPTON LAW, LLC
420 El 11th Street
Durango, CO 81301
(970) 382-3819

Herschel Hobson
HOBSON & BRADLEY
2190 Harrison Ave.
Beaumont, TX 77701-3805
(409) 838-6410

Daniel A. Schwarz
SCHWARZ & SCHWARZ
One Liberty Place, 51st Floor
1650 Market Street
Philadelphia, PA 19103
(215) 925-1200

Kevin J. Conway, IL Bar No. 312271
COONEY AND CONWAY
120 N. LaSalle St., 30th Floor
Chicago, IL 60602

(312) 236-6166

Robert J. Mongelluzzi
SALTZ MONGELUZZI BARRETT &
BEDESKY, P.C.
One Liberty Place, 52nd Floor
1650 Market St.
Philadelphia, PA 19103
(215) 496-8282